IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SCOTT MARKEL,** | : | CIVIL NO. 1:CV-12-1691 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Michael Scott Markel ("Petitioner"), a state inmate incarcerated at the State Correctional Institution at Dallas, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. In the petition, he challenges the Pennsylvania Board of Probation and Parole's ("PBPP" or "Board") recalculation of his maximum sentence after his parole was revoked and he was recommitted as a convicted parole violator. The petition is ripe for consideration and, for the reasons that follow, will be denied.

**I.   Background**

On February 18, 1998, Petitioner was sentenced by the York County Court of Common Pleas to a term of six to twelve years in prison for homicide by vehicle while driving under the influence. His minimum date was July 25, 2003, and his maximum date was July 25, 2009. On July 28, 2003, he was released on parole. (Doc. No. 10, Ex. A.)

On August 18, 2008, Petitioner was charged with violating the conditions of his parole (consumption of alcohol and use of drugs). (Id., Ex. B.) On September 15, 2008, he was recommitted to a state correctional institution for violating his parole conditions. (Id., Ex. C.) On October 8, 2008, new criminal charges were filed against Petitioner based on the criminal conduct occurring in August of 2008. (Id., Ex. D.) On July 25, 2009, the PBPP lifted the

detainer placed on Petitioner on August 18, 2008, because the charges filed on October 8, 2008 were still pending as of that date. (Id., Ex. E.)

On January 25, 2010, Petitioner pled guilty to the new criminal charges in York County Court of Common Pleas. (Id., Ex. F.) On April 28, 2010, a Notice of Board Decision was issued by the PBPP recommitting Petitioner as a convicted parole violator, when available, pending completion of, or parole from the January 25, 2010 York County sentence. (Id., Ex. G.)

On June 7, 2012, Petitioner filed a counseled administrative appeal from the above decision with the PBPP. (Id., Ex. H.) On July 28, 2010, the Board responded to the appeal. (Id., Ex. I.) Petitioner did not file a petition for review from the PBPP's response with the Pennsylvania Commonwealth Court.

On April 7, 2010, Petitioner was released on parole from the January 25, 2010 York County sentence on the new charges. (Id., Ex. J.) On July 26, 2010, the PBPP established July 26, 2015 as Petitioner's parole violation maximum date based on his recommitment as a convicted parole violator. (Id., Ex. K.) Petitioner did not file an administrative appeal challenging the July 26, 2015 parole maximum date within thirty days of its mailing as required by the PBPP's regulation. See 37 Pa. Code § 73.1(b). On December 20, 2011 and January 10, 2012, the PBPP received correspondence from Petitioner claiming he was entitled to credit for periods of time during which he resided at community corrections centers. (Id., Exs. L, M.) On January 27, 2012, the PBPP dismissed the correspondence as untimely attempts to seek relief from the July 26, 2010 PBPP decision that established Petitioner's parole violation maximum date as July 26, 2015. (Id., Ex. N.) Petitioner did not file a petition for review in the Pennsylvania Commonwealth Court challenging the PBPP's January 27, 2012 response.

In the instant habeas corpus petition, Petitioner claims that he is being unlawfully held beyond his original maximum sentence date of July 25, 2009. He argues this is due to the PBPP's recalculation of his maximum sentence after his parole was revoked and he was recommitted as a convicted parole violator.

## II.  Discussion

Respondents contend that the pending petition must be dismissed for failure to exhaust state court remedies. In the alternative, they argue that Petitioner's claim is without merit.

### A.  Exhaustion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement. Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Habeas relief cannot be granted unless petitioner has exhausted all available state remedies on the federal claims raised in the petition. See 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S. Ct. 2546, 2554-2555, 115 L. Ed. 2d 640 (1991); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). The principle of exhaustion which is founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts by invoking one complete round of the State's established appellate review process," including petitioning for discretionary appeal. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 1732-1733, 144 L. Ed. 2d 1 (1999); Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004). The petitioner bears the burden of establishing that all available state remedies have been exhausted. Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005).

Pennsylvania parolees challenging the revocation of parole have state-court remedies

available. The parolee must first file an administrative appeal. See 37 Pa. Code § 73.1(b)(1); Kester v. Pa. Bd. of Prob. and Parole, 148 Pa. Commw. 29, 34, 609 A.2d 622, 624 (1992)(citing Bronson v. Pa. Bd. of Prob. and Parole, 491 Pa. 549, 555-57, 421 A.2d 1021, 1024-25 (1980)). From there he can appeal to the Pennsylvania Commonwealth Court. See 42 Pa. Con. St. Ann. § 763; Borsello v. Colleran, 833 A.2d 1213, 1215 (Pa. Commw. 2003)("Appeals of the Board's parole revocation and recommitment orders are within the exclusive appellate jurisdiction of the Commonwealth Court.") The third and final step is a petition to the Pennsylvania Supreme Court for allowance of appeal. Williams v. Wynder, 232 F. App'x 177, 178 (3d Cir. 2007). If the parolee fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. Id. at 181.

   A federal court is required to dismiss without prejudice habeas petitions that contain any unexhausted claims. Slutzker, 393 F.3d at 379. For claims not fairly presented to the state court, but for which "further state-court review is clearly foreclosed under state law, exhaustion is excused on the grounds of futility." Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001). Although futile claims are deemed exhausted for federal habeas purposes, such claims are also procedurally defaulted; federal courts are not permitted to evaluate the merits of procedurally defaulted claims unless the petition "establishes 'cause and prejudice' or a fundamental miscarriage of justice' to excuse the default." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also Coleman, 501 U.S. at 750-51, 111 S. Ct. at 2565-2566. The doctrine of procedural default therefore ensures that a state prisoner cannot evade the exhaustion requirement of § 2254 by defaulting his federal claims in state court. Id. 501 U.S. at 731-32, 111 S. Ct. at 2554-2555.

To demonstrate "cause" for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986); Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007).  To demonstrate "actual prejudice," the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitution dimensions."  See U.S. v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596, 71 L. Ed. 2d 816 (1982).  Finally, a federal court may excuse procedural default when its failure to review the claim will result in a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591, 146 L. Ed. 2d 518 (2000); Wenger, 266 F.3d at 224.  The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496, 106 S. Ct. at 2649.  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998).

In the present case, Petitioner never challenged the Board's calculation of his parole violation in state court.  Following the PBPP's July 28, 2010 response to his June 7, 2010 administrative appeal, Petitioner never filed a petition for review in the Commonwealth Court. Further, on July 26, 2010, when the PBPP established July 26, 2015 as Petitioner's parole violation maximum date, he did not seek review challenging the new parole violation maximum date within 30 days as required by the PBPP's regulation.  See 37 Pa. Code § 73.1(b).  While Petitioner subsequently sent correspondence to the PBPP on December 20, 2011 and January 10,

2012 seeking credit for time spent in community corrections centers. On January 27, 2012, these submissions were dismissed as untimely attempts by Petitioner to seek relief from the July 26, 2010 Board decision establishing his parole violation maximum date. Petitioner did not file a petition for review in the Commonwealth Court challenging this response by the Board.

Based on the foregoing, it is clear that the claims Petitioner seeks to pursue in the instant petition are procedurally defaulted. Consequently, this Court can only consider his claims if he can demonstrate either cause and prejudice for the default or that a fundamental miscarriage of justice would result if the Court declined to hear them. However, Petitioner has not presented any evidence to excuse his default. He offers no explanation as to why he did exhaust his claims through the established procedure for doing so. Moreover, he fails to establish a fundamental miscarriage of justice to overcome his default in that he does not claim he is actually innocent. As such, the Court agrees with Respondents that the pending habeas petition is subject to dismissal based on procedural default.

### B. Merits

Even if Petitioner's habeas claims were exhausted, the Court concurs with Respondents and find that the claims are without merit. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); see also Lambert v Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997)(finding that a district court has the authority to address the merits of a habeas petition despite the petitioner's failure to exhaust state remedies where it is clear that petitioner fails to raise a colorable federal claim).

Petitioner first challenges the authority of the PBPP to "alter his original sentence" with a

6

maximum date of July 25, 2009 as imposed by the trial judge, and set a new parole violation maximum date of July 26, 2015. The Court finds no merit to this claim. Under Pennsylvania law, the Parole Board shall have the exclusive power "[t]o parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a correctional institution." 61 Pa. C.S.A. § 6132(a)(1)(i); see also Commonwealth v. Reese, 774 A.2d 1255 (Pa. Super. 2001)(holding that for prisoners whose maximum sentence is two years or more, the PBPP has exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole and may extend the expiration of an offenders' maximum sentence upon his recommitment as a convicted parole violator.) Further, the Parole Board's jurisdiction to conduct revocation proceedings has been implicitly accepted by the United States Supreme Court. See generally Pennsylvania Board of Probation and Parole v. Scott, 524 U.S. 357, 118 S. Ct. 2014, 141 L. Ed. 2d 344 (1998)(considering a constitutional challenge to Parole Board's revocation of parole without questioning Board's jurisdiction to do so.) For these reasons, any challenge to the authority of the PBPP to revoke Petitioner's parole and impose and extend the expiration of his original maximum sentence is wholly without merit.[1]

Petitioner also challenges the fact that the PBPP did not give him credit for the time he spent while on parole in calculating his parole violation maximum date. He claims that the

---

[1] Since the filing of his habeas petition, Petitioner has submitted several filings wherein he seeks to rely on the case of Yates v. Pennsylvania Bd. of Probation and Parole, 48 A.3d 496, 2012 (Pa. Commw. June 1, 2012) in support of his position that his original sentence was improperly extended. (Doc. Nos. 12, 13.) Even if Petitioner had not procedurally defaulted his claims, the Court finds Petitioner's argument to be without merit in that the cases are factually distinguishable.

Board "erased lawful good street time" and that he should only be required to serve any unexpired time still existing on his original maximum sentence from the time of his commission of the conduct violating parole conditions. (Doc. No. 11 at 2.) These arguments are also without merit.

Under Pennsylvania law, parolees who commit crimes during the period of parole are subject to having their parole revoked. A parolee whose parole is revoked because of a new conviction does not receive credit for time at liberty on parole against his or her maximum sentence. See 61 Pa. C.S. § 6138(a)(2).

The Third Circuit Court of Appeals has determined that Pennsylvania's parole statue is constitutional. See United States ex rel. Lawson v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970). The Circuit Court has expressly adopted a district court holding that "[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum." See United States ex rel. Heacock v. Myers, 367 F.2d 583 (3d Cir. 1996)(expressing "complete accord" and affirming opinion of district court in United States ex rel. Heacock v. Myers, 251 F. Supp. 773, 774 (E.D. Pa. 1966)).

Further, to the extent Petitioner attempts to argue a violation of the Double Jeopardy Clause due to the revocation of his parole and reinstitution of his sentence, his claim is also without merit. The Fifth Amendment of the Constitution states in part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amen. V; see also Benton v. Maryland, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062, 23 L. Ed. 2d 707 (1969)(applying the Fifth Amendment to the states through the Fourteenth Amendment). The

scope of the Double Jeopardy Clause is limited to criminal prosecutions. See Breed v. Jones, 421 U.S. 519, 528, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975). As an administrative hearing, a Parole Board hearing is not "essentially criminal." See Garcia v. United States, 769 F. 2d 697, 700 (11th Cir. 1985)("'[T]he Double Jeopardy Clause does not apply to parole revocation proceedings."); Priore v. Nelson, 626 F.2d 211, 217 (2d Cir. 1980)("The Double Jeopardy Clause applies to judicial proceedings, not parole."); see also Ralston v. Robinson, 454 U.S. 201, 220 n. 14, 102 S. Ct. 233, 245 n. 14, 70 L. Ed. 2d 345 (1981)("the imposition of confinement when an offender violates his term of probation has never been considered to raise a serious double jeopardy problem).

Any double jeopardy claim raised by Petitioner challenges only the Parole Board's revocation of his parole and his reincarceration. As the law is clear that the Double Jeopardy Clause does not apply to such proceedings, his claim is without merit.

Finally, any challenge raised by Petitioner to the mathematical accuracy of the Board's calculation of his parole violation maximum date of July 26, 2015 is also without merit. Petitioner was released on parole on July 28, 2003. At the time, his maximum date was July 25, 2009 and, as such, 2189 days remained on his sentence. Because he was recommitted as a convicted parole violator, he is not entitled to credit for any period that he was at liberty on parole. See 61 Pa.C.S. § 6138(a)(2). In calculating his parole violation maximum date, he received 90 days credit for his detention under the Board warrant (3/8/2007 through June 6, 2007) and 163 days credit for the time he spent incarcerated from the date he was committed on the new charges and when bail was set (8/18/08 through January 28, 2009). As such, after subtracting the total credit days of 253 from the 2189 days remaining on his sentence at the time

he was paroled, Petitioner owed 1936 days on his original sentence.

Petitioner became available to serve the 1936 day balance of his original sentence on April 7, 2010, when he was released on parole from the York County sentence imposed with respect to the new criminal conduct he committed while on parole from his original sentence. Adding 1936 days to April 7, 2010, Petitioner's parole violator maximum date is July 26, 2015. (Doc. No. 10-1 at 83.) For these reasons, any challenge to the calculation of his new maximum sentence date is meritless.

## III.   Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue. An appropriate order follows.